{¶ 28} I respectfully dissent from the majority and would affirm the trial court's decision granting the state's motion to enforce defendant's guilty plea. To allow defendant to reap the benefits of the agreement he made with the state, i.e., receiving a reduced sentence from federal court and dodging the "career criminal" classification, and not enforce his obligation to re-enter his guilty plea to aggravated assault would cause a manifest injustice to the state. Because a "breached plea agreement may be remedied by specific performance," I would affirm the trial court's decision to vacate its previous order and enforce the plea agreement. See Santobello v. New York
(1971), 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427.